(18 Misc. Rep. 256.)

## MARKOWITZ v. MESSNER.

(Supreme Court, Appellate Term, First Department. October 29, 1896.)

MONEY PAID BY MISTAKE—RECOVERY.

Money paid by plaintiff for an assignment to him by defendant of accounts against other persons, under an agreement that only good accounts should be included, was not paid by mistake as to accounts which afterwards proved to be worthless, and therefore plaintiff cannot recover the amount of the worthless accounts in an action at law.

Appeal from Ninth district court.

Action by Edward J. Markowitz against Emil Messner. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Malcolm K. Lawrence, and Lawrence, Sample & Clark, for appellant.

Henry L. Scheurman, for respondent.

DALY, P. J. The plaintiff and defendant, who had been co-partners, agreed, upon dissolution, that the plaintiff should buy all the assets, paying 50 per cent. of the value thereof to the defendant, a deduction of 7 per cent. being made from the face value of such assets as consisted of outstanding accounts receivable. A list of such accounts was prepared, and was included in the written agreement of dissolution, which also proved that the statement of assets was "correct in every respect." The plaintiff subsequently discovered that the debtor, in one of his accounts, described in the list as "J. Schoenfield, $180," had made an insolvent assignment before the execution of the agreement; and this action is brought to recover back the sum paid for the account, on the ground that it had been paid by mistake. Evidence was received, under objection, that it was agreed between plaintiff and defendant, who, it seemed, had more to do with the books than the plaintiff, that only good accounts should be included in the list, and that the defendant stated to the plaintiff, when the list was made up, that all the accounts in it were collectible. Granting the facts to be as the plaintiff claims, he has no action at law for the recovery of the sum paid for Schoenfield's account. It was not paid by mistake, but in pursuance of the written agreement of dissolution. If the testimony he produced established that the par-

ties to that agreement intended that only collectible accounts should be covered by the contract and inserted in the list, and that there was a mutual mistake as to this particular account, it furnishes ground for reformation of the contract by striking out the account in question so that it should not pass under the transfer of assets, but remain a subject of accounting between the co-partners. The mistake, if any, was in failing to draw the contract in conformity with the understanding of the parties, and the relief of the plaintiff, if any, is in equity, where his damages can be recovered, if his equity is established. We do not, of course, express any opinion upon the sufficiency of the testimony offered. This view renders unnecessary a discussion of the other points ably argued in the briefs. It is clear that the effort of the plaintiff was not, by his testimony, to explain the terms of his contract, but rather to reconstruct it. To do this, he must go into equity.

Judgment affirmed, with costs. All concur.